IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rufus Julius Cornelius Anderson,<br>*a/k/a* Rufus Julius C. Anderson,<br>*a/k/a* Rufus J. Anderson,<br><br>Plaintiff,<br><br>vs.<br><br>Greenville Health System,<br><br>Defendant. | Civil Action No. 6:16-1051-MGL-JDA<br><br><br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on a motion to dismiss filed by Defendant [Doc. 27] and motions to strike and for issuance of subpoenas filed by Plaintiff [Docs. 34, 45, 53]. Plaintiff is proceeding pro se.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed by individuals proceeding pro se and to submit findings and recommendations to the District Court.

Plaintiff filed this action on April 1, 2016, alleging retaliation in violation of Title VII of the Civil Rights Act ("Title VII") and the Americans with Disabilities Act ("ADA").  [Doc. 1.]  On April 27, 2016, Plaintiff's complaint for employment discrimination and attachments were filed as attachments to the original Complaint.  [Docs. 1-1–1-4.]  On June 15, 2016, Defendant filed a motion for summary judgment.  [Doc. 27.]  Plaintiff filed a response in opposition on June 29, 2016 [Doc. 36] and additional attachments on August 29, 2016 [Doc. 62].  Additionally, on June 29, 2016, Plaintiff filed a motion to strike Defendant's motion to dismiss.  [Doc. 34.]  Defendant filed a response in opposition on July 15, 2016 [Doc. 38], and Plaintiff filed a reply on August 11, 2016 [Doc. 52].  Plaintiff filed motions for

issuance of subpoenas on August 8, 2016, and August 16, 2016. [Docs. 45, 53.] All motions are ripe for review.

## BACKGROUND

Plaintiff alleges he called a compliance hotline on June 2, 2009, with reason to believe he was subjected to a hostile work environment and also reported harassment of other disabled employees. [Doc. 1-1 at 6.] His employment was then terminated on July 1, 2009. [Doc. 1-2.] He was evicted on August 18, 2009, denied the right to pursue a grievance on September 22, 2009, and denied rehire on October 14, 2009. [*Id.*] Plaintiff alleges he was assaulted while engaged in protected activity on December 7, 2010, and charged with larceny failure to return rental object on December 10, 2010.[1] [*Id.*] Plaintiff appears to allege he was charged with a probation violation on July 22, 2011. [*Id.*] He filed a lawsuit alleging employment discrimination on June 26, 2015 [Doc. 1 at 5], and was arrested on July 23, 2015 [Doc. 1-2]. He alleges all of these acts amounted to unlawful retaliation in violation of Title VII and the ADA. [*Id.*]

Plaintiff attached to his Complaint a letter from the Equal Employment Opportunity Commission ("EEOC"), dated March 3, 2016, outlining Plaintiff's filings with the EEOC as

---

[1]Plaintiff was convicted of the charge on August 15, 2013 [Doc. 1 at 6.] The Court notes that Plaintiff also lists the date of conviction as August 13, 2015 [Doc.1-2]; however, that date appears to be a scrivener's error because the undersigned has recently issued a Report and Recommendation in a case brought by Plaintiff under 28 U.S.C. § 2254 related to his August 15, 2013 guilty plea to the charge of failure to return rental property [*Anderson v. Greenville Cty. Det. Ctr.*, Civil Action No. 8:15-cv-04916-MGL, Doc. 55]; *see Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

of that date. [Doc. 1-3.] According to the letter, Plaintiff filed the following charges with the

EEOC:

| Date Filed | Allegations | Disposition |
|---|---|---|
| November 30, 2009 (EEOC Charge No. 436-2010-00192) | Plaintiff was subjected to disparate discipline and assignment, termination, and denied rehire due to his race, religion, and sex, and in retaliation for engaging in protected activity in violation of Title VII | Dismissal and notice of rights issued on August 30, 2010; request for reconsideration denied on November 10, 2010 |
| March 7, 2011 (EEOC Charge No. 436-2011-00472) | Plaintiff was subjected to disparate terms and conditions of employment when he was assaulted by a vehicle, his mail was tampered with, and he was cited for a criminal probation violation due to his religion and in retaliation for having engaged in protected activity in 2009 in violation of Title VII | Dismissal and notice of rights issued on June 13, 2011 |
| August 13, 2013 (EEOC Charge No. 436-2013-00874) | Plaintiff's June 19, 2013 incarceration was in retaliation for complaining to Defendant on September 22, 2009 that its activities were unlawful in violation of Title VII | Dismissal and notice of rights issued on August 20, 2013 |
| November 25, 2013 (EEOC Charge No. 436-2014-00159) | Plaintiff was denied rehire in October 2009 in retaliation for engaging in protected activity in violation of Title VII | Dismissed for lack of jurisdiction on February 14, 2014 because it was filed well beyond the 300 day period to file a timely charge |

| Date Filed | Allegations | Disposition |
|---|---|---|
| May 29, 2014 (EEOC Charge No. 436-2014-00686) | Plaintiff was subjected to retaliation since his 2009 termination in violation of the ADA | Dismissed for lack of jurisdiction on July 10, 2014 because it was filed after the time period required for filing a timely charge |

[*Id.* at 1–2.]  Plaintiff subsequently filed three additional inquiries with the EEOC—EEOC Nos. 436-2015-00156N, 436-2015-01175N, and 436-2016-00497N—though they were not formalized as charges because the EEOC lacked jurisdiction to file them as charges and investigate them.  [*Id.* at 2.]  In the last inquiry, EEOC No. 436-2016-00497N, Plaintiff alleged he had been subjected to retaliation since his 2009 termination; the EEOC counseled Plaintiff that if he insisted on filing a charge based on this inquiry, the EEOC would dismiss it because the allegations were untimely.  [*Id.*]  On March 25, 2016, the EEOC issued a dismissal and notice of rights to Plaintiff related to EEOC Charge No. 436-2016-00497 ("the 497 Charge").[2]  [Doc. 1-4.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard

---

[2]The record does not include an explanation regarding how this inquiry was converted to a charge, but the Court notes this charge number is the same as the last inquiry referenced in the letter from the EEOC.

than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standards**

### Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed.R.Civ.P. 12(b)(1). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. *See id.* The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

5

### Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief.  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference.  *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).  If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief

above the speculative level on the assumption that all the
allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright

& Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he

pleading must contain something more . . . than a bare averment that the pleader wants

compensation and is entitled to it or a statement of facts that merely creates a suspicion

that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at

556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the

pleader must plead sufficient facts to show he is entitled to relief, not merely facts

consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ.

P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility

and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly,

the plausibility standard requires a plaintiff to articulate facts that, when accepted as true,

demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is

entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*,

556 U.S. at 678).

## **DISCUSSION**

**Defendant's Motion to Dismiss**

Defendant contends Plaintiff's Complaint should be dismissed because (1) he failed to file it within the 90-day limitations period following receipt of his notice of right to sue; (2) his retaliation claims are not covered by Title VII or the ADA because Defendant was no longer Plaintiff's employer at the time of the alleged unlawful conduct[3]; (3) his retaliation claims fail to state a claim upon which relief can be granted; and (4) his ADA claims are barred by the doctrine of collateral estoppel.[4] [Doc. 27-1 at 5–10.] The Court agrees most of Plaintiff's claims are time-barred, and Plaintiff fails to state a claim upon which relief can be granted with respect to the claim that is not time-barred.

### *Time-Barred Claims*[5]

Before filing suit under Title VII or the ADA, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC.  42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA); *see also Smith v. First Union Nat'l Bank*, 202 F.3d 234,

---

[3]The Court declines to address Defendant's argument that Plaintiff was no longer employed by Defendant because Title VII prohibits employers from retaliating against former employees, as well as current employees, for engaging in rights protected by Title VII.  *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997).

[4]The Court declines to address Defendant's argument that collateral estoppel bars Plaintiff's ADA claims because Plaintiff's previous action was dismissed without prejudice and without issuance and service of process.  *See Dove v. CODESCO*, 569 F.2d 807, 809 n.3 (4th Cir. 1978) ("The general rule is that a dismissal without prejudice operates to leave the parties as if no action had been brought at all."); [*Anderson v. Greenville Hosp. Sys.*, Civil Action No. 6:15-cv-02556-MGL, Doc. 23].

[5]Defendant's untimeliness argument "is not an argument challenging the district court's subject matter jurisdiction to hear the claim."  *Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006).  "Therefore, this argument is properly reviewed under Rule 12(b)(6) rather than Rule 12(b)(1)."  *Anderson v. McHugh*, No. 3:10-2137-JFA-PJG, 2011 WL 2731211, at *1 n.1 (D.S.C. April 22, 2011), *Report and Recommendation adopted by* 2011 WL 2731246 (July 13, 2011).

247 (4th Cir. 2000) (citing *King v. Seaboard Coast Line R.R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976)).  In South Carolina, the charge must be filed within 300 days after an "alleged unlawful employment practice" occurred.   42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a); *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998)).  The failure to file a timely charge with the EEOC bars the claim in federal court.  *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.").  "If the EEOC does not take action within 180 days from the date of filing [of a charge], the aggrieved party is entitled to notice from the EEOC.  Upon notification, i.e. a right to sue letter, the aggrieved party has 90 days to file suit." *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 n.3 (4th Cir. 1999) (citing 42 U.S.C. § 2000e-5(f)(1); *Dickey v. Greene*, 710 F.2d 1003, 1005 (4th Cir. 1983)); *Aziz v. Orbital Scis. Corp.*, 165 F.3d 17, 1998 WL 736469, at *1 (4th Cir. 1998) (per curiam) (unpublished table decision) ("Title VII and the ADEA allow an aggrieved party ninety days after receipt of a right-to-sue letter from the EEOC to file a civil action." (citing 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e))).

Here, as stated, Plaintiff filed this action on April 1, 2016.  [Doc.1.]  Thus, the only claims that are timely in this action are those for which Plaintiff received a notice of right to sue on or after January 2, 2016—90 days before April 1, 2016.  The only notice of right to sue Plaintiff received on or after January 2, 2016 was the dismissal and notice of rights issued on March 25, 2016, related to the 497 Charge.  [Doc. 1-4.]  As noted, the charge was not initially formalized as a charge because the EEOC determined it lacked jurisdiction to investigate and file it as a charge, and the EEOC notified Plaintiff that if he insisted on

filing a charge based on this inquiry, the EEOC would dismiss it because the allegations are untimely.  [Doc. 1-3 at 2.]  Subsequently, it appears the inquiry was formalized as a charge, and a dismissal and notice of rights was issued on March 25, 2016.  [Doc. 1-4.] The dismissal and notice of rights does not indicate the charge was dismissed as untimely; instead, it states the charge was dismissed because the EEOC was unable to conclude that the information obtained establishes violations of the statutes.  [*Id*.]  However, even if the EEOC did not dismiss the charge as untimely, "the EEOC's determination as to timeliness is not binding on this [C]ourt.  Rather, this [C]ourt must consider [Plaintiff's retaliation] claims *de novo*."  *Merritt v. P. Kaufmann, Inc.*, No. 3:12-1795-JFA, 2013 WL 1110816, at *3 (D.S.C. Mar. 18, 2013) (citing *Laber v. Harvey*, 438 F.3d 404, 420 (4th Cir. 2006)).

As stated, in the 497 Charge, Plaintiff alleged he had been subjected to retaliation since his 2009 termination.  [Doc. 1-3 at 2.]  The record before the Court contains neither the date Plaintiff filed the 497 Charge nor the specific acts Plaintiff alleged in the 497 Charge to be retaliatory.  However, assuming Plaintiff filed the 497 Charge on July 24, 2015—the day after the last retaliatory act alleged in the Complaint[6]—and alleged the same retaliatory acts in the charge that he alleges in this action—(1) he was terminated on July 1, 2009; (2) he was evicted on August 18, 2009; (3) he was denied the right to pursue a grievance on September 22, 2009; (4) he was denied rehire on October 14, 2009; (5) he was assaulted on December 10, 2010; (6) he was charged with larceny failure to return rental object on December 10, 2011; (7) he was charged with a probation violation on July

---

[6]The Court notes the 497 Charge was likely filed in 2016, as the charge number includes the year 2016.  However, because the record does not include the filing date for the 497 Charge, the Court is attempting to give Plaintiff the benefit of every doubt in its analysis.  Even so, as explained, most of Plaintiff's claims are time-barred.

22, 2011; (8) he was convicted of larceny failure to return rental object on August 15, 2013;

and (9) he was arrested on July 23, 2015—Plaintiff's claims are time barred except for his

claim that he was arrested on July 23, 2015, because all other allegedly retaliatory acts

occurred well over 300 days before Plaintiff could have filed the 497 Charge to include each

of these allegedly retaliatory acts.[7]

Plaintiff asserts he is entitled to equitable tolling. [Doc. 36 at 6.] The United States

Supreme Court has "interpreted Title VII's requirement that suits be filed within 90 days of

receiving a notice of right to sue from the Equal Employment Opportunity Commission to

be subject to tolling in appropriate circumstances." *Office of Pers. Mgmt. v. Richmond*, 496

U.S. 414, 439 (1990) (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983)). With

respect to equitable tolling, the United States Supreme Court has recognized,

> Federal courts have typically extended equitable relief only
> sparingly.  We have allowed equitable tolling in situations
> where the claimant has actively pursued his judicial remedies
> by filing a defective pleading during the statutory period, or
> where the complainant has been induced or tricked by his

---

[7]Indeed, Plaintiff concedes that the March 25, 2016, notice of right to sue "pertains
to an alleged act of unlawful retaliation occurr[r]ing July 23, 2015." [Doc. 36 at 1.]
Accordingly, the 497 Charge may have alleged only that Plaintiff was retaliated against on
July 23, 2015. Moreover, most of the other retaliatory acts Plaintiff alleges in this case had
been raised to the EEOC in previous charges for which Plaintiff received notices of right
to sue well over 90 days before Plaintiff filed this action. [*See* Doc. 1-3 (letter from the
EEOC outlining Plaintiff's filings with the EEOC).] "[T]he complainant is on notice from the
date of receipt of the first dismissal letter that he has 90 days to file suit on the claims made
to the EEOC, unless the second right to sue letter is issued pursuant to a reconsideration
of the merits.  To hold [otherwise] would allow any future plaintiff to obliterate the ninety day
limitation period by repeatedly refiling the same charge with the EEOC." *Washington v.
City of Gulfport, Miss.*, 351 F. App'x 916, 918 (5th Cir. 2009) (internal quotation marks and
citations omitted) (alteration in original).  The only reconsideration referenced in the
EEOC's letter is a request for reconsideration regarding Plaintiff's first charge, and that
request for reconsideration was denied on November 10, 2010, well over 90 days before
Plaintiff filed this action.

> adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (footnotes omitted) (citation omitted).  The United States Court of Appeals for the Fourth Circuit has underscored the very limited circumstances where equitable tolling will be permitted:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).  In accord with these guidelines, the Fourth Circuit has upheld applications of equitable tolling of the 90-day filing period when the employee or her attorney was diligent in pursuing the employee's avenues of relief.  *See, e.g.*, *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 321–22 (4th Cir. 2011) (applying equitable tolling when the plaintiff demonstrated she was diligent in checking her mail and staying in contact with her attorney but somehow failed to receive her right to sue notice); *Coleman v. Talbot Cnty. Det. Ctr.*, 242 F. App'x 72, 74 (4th Cir. 2007) ("Although we do not excuse Coleman's failure to notify the EEOC of her change of address, it is not at all unreasonable for a layperson who has retained counsel to assume that all further matters will be handled by her attorney.  We therefore conclude that . . . the primary fault is that of the EEOC for not—as both counsel and Coleman reasonably

12

expected—sending a copy of the right-to-sue letter to counsel.  In this vein, we note with approval counsel's diligence in pursuing the matter.").

Here, although Plaintiff asserts equitable tolling and provides an overview of the doctrine, he has failed to advance any specific argument regarding why equitable tolling should apply in this case.  [*See* Doc. 36.]  Upon review of the record, the Court can discern no reason why equitable tolling should apply to Plaintiff's time-barred claims.  Thus, the Court finds that all of Plaintiff's claims are time-barred except the claim regarding his July 23, 2015, arrest.

### Claim Regarding Plaintiff's July 23, 2015, Arrest

Plaintiffs alleging employment discrimination claims are no longer required to establish a prima facie case to survive a motion to dismiss.  *McCleary-Evans v. Md. Dep't of Transp., State Hwy. Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).  "[A] complaint [must] contain[] sufficient factual matter, accepted as true, to state claim to relief that is *plausible* on its face in the sense that the complaint's factual allegations must allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *McCleary-Evans*, 780 F.3d at 585 (citations and internal quotation marks omitted) (some alterations in original).  "[T]he prima facie case . . . is an evidentiary standard, not a pleading requirement, that may require demonstrating more elements than are otherwise required to state a claim for relief"; therefore, "requiring a plaintiff to plead a prima facie case would amount to a heightened pleading standard."  *Id.* at 584 (quoting *Swierkiewicz*, 534 U.S. 506, 510–12 (2002)) (internal citations and quotation marks omitted).

Under Title VII, an employer is forbidden from taking action that discriminates against an employee because that employee has either "opposed any practice made an

13

unlawful employment practice by this subchapter" or has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  The purpose of this antiretaliation provision is to prevent "an employer from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of the Act's most basic guarantees."  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 63 (2006).  Similarly, the ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter."  42 U.S.C. § 12203(a).

Here, with respect to Plaintiff's claim that Defendant retaliated against him because he filed a lawsuit alleging employment discrimination on June 26, 2015, and he was arrested on July 23, 2015, Plaintiff's allegations are insufficient to state a claim for retaliation that is plausible on its face.  Under the facts alleged, it is implausible to believe that Defendant had anything to do with Plaintiff's arrest or that he was arrested *because* he filed a lawsuit alleging employment discrimination.  *See Univ. of Tx. SW Med. Center v. Nassar*, --- U.S. ---, 133 S.Ct. 2517 (2013) (holding that the but-for standard of causation applies to Title VII retaliation claims); *Staley v. Gruenberg*, 575 F. App'x 153, 155 (4th Cir. 2014) (applying the but-for standard to a retaliation claim under the ADA).  Thus, Plaintiff's claim regarding his July 23, 2015, arrest should be dismissed for failure to state a claim.

**Plaintiff's Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

14

scandalous matter."  Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic."  *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted).  Further, motions to strike pursuant to Rule 12(f) are directed only to pleadings.  According to Rule 7 of the Federal Rules of Civil Procedure, the following documents are considered pleadings: a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer.  Fed.R.Civ.P. 7(a).  A motion is not a pleading.  *See Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co.*, 244 F.R.D. 317, 321 (E.D. Va. 2007); *see also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike.").  Thus, because Plaintiff's motion to strike seeks to strike Defendant's motion to dismiss, Plaintiff's motion to strike should be denied.

**Plaintiff's Motions for Issuance of Subpoenas**

Because the Court recommends that Defendant's motion to dismiss be granted, it is recommended that Plaintiff's motions for issuance of subpoenas be found as moot.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion to dismiss [Doc. 27] be GRANTED; Plaintiff's motion to strike [Doc. 34] be DENIED; and Plaintiff's motions for issuance of subpoenas [Docs. 45, 53] be FOUND AS MOOT.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

15

October 14, 2016
Greenville, South Carolina