

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | | |
|---|---|---|
| RUFUS JULIUS CORNELIUS ANDERSON, | § | |
| a/k/a Rufus Julius C. Anderson, a/k/a Rufus J. | § | |
| Anderson, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:16-01051-MGL |
| | § | |
| GREENVILLE HEALTH SYSTEM, | § | |
| Defendant. | § | |

---

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION TO DISMISS,
DENYING PLAINTIFF'S MOTION TO STRIKE,
AND HOLDING AS MOOT PLAINTIFF'S MOTIONS FOR ISSUANCE OF SUBPOENAS**

---

Plaintiff filed this case as an employment discrimination action. He is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant's motion to dismiss be granted, Plaintiff's motion to strike be denied, and Plaintiff's motions for issuance of subpoenas be held as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court declines to conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on October 14, 2016, and the Clerk of Court entered Plaintiff's objections to the Report on October 26, 2016. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Before addressing Plaintiff's objections, the Court will provide a brief roadmap to the reader so as to make its discussion of those objections more understandable. Plaintiff's complaint brings several retaliation claims, all but one of which are barred by the statute of limitations. Accordingly, the Court will address Plaintiff's objection as to his unbarred claim first.

Plaintiff first objects to the Magistrate Judge's suggestion that he failed to state a claim for relief that is plausible on its face regarding Plaintiff's July 23, 2015, arrest. In Plaintiff's attempt to demonstrate an initial inference of retaliation, he contends the alleged retaliation—his July 23, 2015, arrest—took place twenty-seven days after Plaintiff filed a separate civil action against Defendant. Plaintiff avers Defendant was aware Plaintiff had filed the civil action prior to causing Plaintiff's arrest. Further, Plaintiff inexplicably questions the Magistrate Judge's alleged changing

2

of her opinion in this matter by comparing her recommendation that process be served on Defendant with her Report suggesting dismissal of this action.

The cogency of Plaintiff's arguments elude the Court. As noted by the Magistrate Judge, Plaintiff's allegations that Defendant retaliated against him by having him arrested shortly after he filed a lawsuit against Defendant alleging employment discrimination utterly fail to state a claim for retaliation that is plausible on its face. And, he has completely neglected to provide any factual allegations to create a plausible inference that Defendant had anything to do with Plaintiff's arrest or that he was arrested because he filed a lawsuit alleging employment discrimination.

Moreover, Plaintiff's suggestion the Magistrate Judge changed her opinion in this case is unfounded. The Magistrate Judge granted Plaintiff's motion for leave to proceed in forma pauperis, and after Plaintiff brought the case into proper form, the Magistrate Judge ordered service of process on Defendant. In taking these actions, the Magistrate Judge in no way indicated an opinion as to the merits of Plaintiff's action. All one can rightly ascertain from the Magistrate Judge's decision to order Defendant be served is that summarily dismissing Plaintiff's complaint was improper. Her Report is therefore devoid of any inconsistency. Consequently, the Court will overrule Plaintiff's first objection.

Next, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff has failed to establish why equitable tolling should apply to his remaining time-barred claims. Plaintiff alleges he requires subpoenas to seek information in support of the specific reasons why equitable tolling should apply to his claims. Plaintiff further asserts the Director of the Equal Employment Opportunity Commission (EEOC), Patricia Fuller, had Plaintiff arrested on June 20, 2011, and at that time, Plaintiff was unaware of the dismissal and notice of rights issued by the EEOC on June

13, 2011. Plaintiff declares he suffered individualized hardship such that equitable tolling should apply, as he was purportedly induced and tricked into allowing the filing deadline to pass as to his claims. Ultimately, Plaintiff insists he was misled and confused by the initial disposition of the EEOC regarding his claims.

The Court is unable to agree. Although the requirement in Title VII that "suits be filed within 90 days of receiving a notice of right to sue from the [EEOC may] be subject to tolling in appropriate circumstances," *Office of Personnel Management v. Richmond*, 496 U.S. 414, 439 (1983), "[f]ederal courts have typically extended equitable [tolling] only sparingly," *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Federal courts "have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96 (footnote omitted). Federal courts "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*

Thus, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." *Id.* Consequently, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

4

In light of the standard set forth above, the Court holds Plaintiff has failed to establish that equitable tolling should be granted as to his time-barred claims. Plaintiff uses language in accordance with the high standard required to justify equitable tolling; however, Plaintiff's statements are conclusory and neglect to provide the Court with specific allegations of how he was purportedly induced or tricked into allowing the filing deadline to pass as to his claims. The Court concludes Plaintiff is unable to show this is one of those rare instances where it would be unconscionable to enforce the limitation period against him or gross injustice would result. Rather, the Court holds Plaintiff failed to exercise due diligence in preserving his legal rights. As such, the Court will grant Defendant's motion to dismiss.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's motion to dismiss is **GRANTED**, Plaintiff's motion to strike is **DENIED**, and Plaintiff's motions for issuance of subpoenas are **HELD TO BE MOOT**.

**IT IS SO ORDERED**.

Signed this 31st day of October, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.